943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EVA N. and Timothy H. by Eva N., His Next Friend,
Plaintiffs-Appellants, Cross-Appellees,
v.
John BROCK, et al., Defendants-Appellees, Cross-Appellants.
 Nos. 90-5911, 90-5914.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is a class action in which the plaintiffs allege that the admissions criteria of the Kentucky School for the Blind violate the Education for All Handicapped Children Act (the "Education Act"), 20 U.S.C. §§ 1400 et seq.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and/or the Equal Protection and Due Process Clauses of the Fourteenth Amendment.
 
 
 2
 The district court entered a judgment holding that the admissions criteria, although not invalid on their face, must yield to actions taken under the administrative regulations adopted by Kentucky pursuant to the Education Act. The plaintiffs appeal the district court's refusal to find the criteria invalid on their face. Certain of the defendants cross appeal, arguing that in any case where a state educational agency is able to provide an alternate placement that it considers appropriate, the regulations should not be allowed to trump the admissions criteria. For the following reasons, we shall affirm the judgment of the district court.
 
 
 3
 * Under the Education Act and the federal regulations adopted under it, a state that receives federal money to educate handicapped children must furnish each handicapped child a "free appropriate public education" regardless of the severity of the child's handicap. See Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 181 (1982). The district court found that Kentucky receives substantial money under the Education Act.
 
 
 4
 The "centerpiece of the [Education Act's] education delivery system" is the "individualized educational program." Honig v. Doe, 484 U.S. 305, 311 (1988). In Kentucky, such a program is developed for each handicapped child by a local "admissions and release committee" comprised of the child's parents, teacher, and various education professionals. See 20 U.S.C. § 1401(a)(20) (1990); 34 C.F.R. § 300.344 (1990); 707 Ky.Admin.Regs. 1:051, § 3 (1988). Each individualized educational program--IEP for short--must, among other things, set out the child's current educational performance, establish goals for improvement, and describe the specific instruction and services to be provided the child in pursuit of those goals. 34 C.F.R. § 300.346 (1990).
 
 
 5
 If any party is dissatisfied with the IEP, the Education Act requires the state to provide "an impartial due process hearing." 20 U.S.C. § 1415(b)(2) (1990); 34 C.F.R. § 300.506 (1990); 707 Ky.Admin.Regs. 1:060 (1988). In Kentucky such hearings are conducted by a hearings officer with a right of appeal to the Kentucky Exceptional Children Appeals Board pursuant to 20 U.S.C. § 1415(c) (1990) (see 707 Ky.Admin.Regs. 1:080 (1988)). Review of Appeals Board decisions may be obtained in federal district courts. 20 U.S.C. § 1415(e)(1) (1990); 34 C.F.R. § 300.511 (1990).
 
 
 6
 The Kentucky School for the Blind is the only public school in Kentucky that offers a residential program for visually impaired children. The school's admissions criteria exclude children who, among other things, require extensive medical care or lack toilet training and the ability to feed and bathe themselves. See 707 Ky.Admin.Regs. 1:110, § 3(4) (1988).
 
 
 7
 Timmy H. is a blind nine-year-old who is also mentally handicapped and lacking in various self-help skills. The admissions and release committee that developed Timmy's IEP recommended a residential placement at the Kentucky School for the Blind. Because he did not meet the admissions criteria, the school refused to accept him. Timmy's mother requested "a due process hearing," but the Kentucky Department of Education, relying on an opinion from the Kentucky Attorney General's Office, stated that the hearings officer would be without authority to recommend placement at the school. Through his mother, Timmy then brought a class action in district court seeking to have the admissions criteria invalidated. Timmy was admitted to the Kentucky School for the Blind on a temporary basis pending the outcome of this litigation.
 
 
 8
 The district court (Bertlesman, J.) separated the "individual issues" pertaining to the school's suitability for Timmy from the "institutional issues" pertaining to the admissions criteria. The institutional issues were tried to the bench, with the result summarized above. See Eva N. v. Brock, 741 F.Supp. 626 (E.D.Ky.1990). This appeal and cross appeal followed.
 
 II
 
 9
 We must first decide whether we are foreclosed from reaching the merits of the appeal because of Timmy's already having been admitted to the school or because he failed to exhaust his administrative remedies.
 
 
 10
 Timmy and the class he represents do not seek temporary or provisional admission; they want permanent admission. The school decided, after a 90-day evaluation period, that Timmy does not meet the admissions criteria and will not be accepted on a permanent basis. That decision keeps the controversy very much alive; Timmy's temporary admission did not render the case moot.
 
 
 11
 Timmy's failure to exhaust his administrative remedies does not prevent us from reaching the merits. Although exhaustion of administrative remedies is normally required before a party may take an Education Act dispute to the district court, see Crocker v. Tennessee Secondary School Athletic Association, 873 F.2d 933, 935 (6th Cir.1989), exhaustion is not required if resort to administrative proceedings would be futile. Kerr Center Parents Association v. Charles, 897 F.2d 1463, 1469 (9th Cir.1990). The attorney general's determination that the hearings officer could not grant the relief Timmy requested brings this case within the futility exception.
 
 III
 
 12
 * The defendants argue that the school need not admit anyone who does not meet its admissions criteria because the Education Act gives states, not local admissions and release committees, the authority to determine appropriate placements in certain situations. The portion of the Education Act relied upon reads as follows:
 
 
 13
 "Whenever a State educational agency determines that a local educational agency--
 
 
 14
 (1) is unable or unwilling to establish and maintain programs of free appropriate public education which meet the requirements established in subsection (a) of this section;
 
 
 15
 (2) is unable or unwilling to be consolidated with other local educational agencies in order to establish and maintain such programs; or
 
 
 16
 (3) has one or more children with disabilities who can best be served by a regional or State center designed to meet the needs of such children;
 
 
 17
 the State educational agency shall use the payments which would have been available to such local educational agency to provide special education and related services directly to children with disabilities residing in the area served by such local educational agency. The State educational agency may provide such education and services in such manner, and at such locations (including regional or State centers), as it considers appropriate, except that the manner in which such education and services are provided shall be consistent with the requirements of this subchapter." 20 U.S.C. § 1414(d) (1990).
 
 
 18
 The "manner" in which the state agency provides special education services to children with disabilities under § 1414(d) must be determined under procedures consistent with the subchapter in which § 1414(d) is found. This subchapter includes § 1414(a)(5), which provides statutory authority for the committees that devise IEPs (See 34 C.F.R. §§ 300.343 and 300.344 (1990)). It also includes §§ 1415(b), (c), and (e), which provide for administrative and judicial review of IEPs. Section 1414(d) does not allow a state to circumvent these statutory procedures. The constraints that the subchapter places on the power of the state may be unwise, but unless the state is prepared to forego federal funding--which it remains free to do, of course--relief can only be obtained through Congress.
 
 B
 
 19
 Even though the district court's decision gave the plaintiffs much of what they wanted, they contend that the admissions criteria ought to have been declared invalid on their face. The plaintiffs are especially concerned about a statement by the district court that Kentucky's obligations under the Education Act
 
 
 20
 "may require that some children be placed at [Kentucky School for the Blind], who do not meet its criteria, if such placement is the only way an appropriate IEP can be designed for them." Eva N., 741 F.Supp. at 634 (emphasis supplied).
 
 
 21
 Nothing in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, or any other statutory or constitutional provision requires us to declare the admissions criteria invalid on their face. In relevant part, Section 504 reads as follows:
 
 
 22
 "No otherwise qualified individual with handicaps in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."
 
 
 23
 Categorical exclusions based on handicaps are not permitted under this language, but the presence or absence of a particular handicap may well be relevant in determining whether a child could benefit from placement at the Kentucky School for the Blind. The criteria, therefore, may be utilized as one means of determining whether placement at the school constitutes an appropriate education for the child concerned.
 
 
 24
 A state may not make classifications on the basis of handicap unless the classifications are rationally related to a legitimate state goal. Cleburne v. Cleburne Living Center, 473 U.S. 432, 442-46 (1985). We have said that a state may not create an "irrebutable presumption which has no reasonable relation to fact." Kelm v. Carlson, 473 F.2d 1267, 1270 (6th Cir.1973). Under the district court's order, the admissions criteria raise no irrebutable presumptions; the criteria may be considered in determining whether a child can benefit from placement at the Kentucky School for the Blind, but they are not controlling.
 
 
 25
 We think that the plaintiffs' concerns about the district court's use of the word "only" are exaggerated. The court did not use this word in the portion of its order requiring the school to yield to the mandates of a child's ultimate IEP, and the admissions criteria cannot be used to exclude a child whose ultimate IEP calls for placement at the school.
 
 
 26
 Accordingly, the judgment of the district court is AFFIRMED.